CJIS 6723

Stuart

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

CJ - 2015 - 6723

| | | |
|---|---|---|
| SKYLER BARRON, an individual, | ) ) ) | |
| *Plaintiff,* | ) ) ) | Case No.:    FILED IN DISTRICT COURT OKLAHOMA COUNTY |
| vs. | ) ) ) | ATTORNEY LIEN CLAIMED    DEC 11 2015 |
| ROTTINGHAUS COMPANY, INC. d/b/a SUBWAY, | ) ) ) ) | TIM RHODES COURT CLERK JURY TRIAL DEMANDED |
| *Defendant.* | ) | |

## PETITION

**COMES NOW**, Plaintiff, Skyler Barron, ("Plaintiff"), through her attorney of record, David A. Warta of *Smolen Smolen & Roytman, P.L.L.C.*, and hereby submits the following Petition against Rottinghaus Company, Inc. ("Defendant"), for declaratory relief, actual, compensatory and punitive damages, and costs and attorney fees pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and Oklahoma law for sexual harassment, retaliation and negligent hiring, supervision, retention and training.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States and a resident of Oklahoma County, State of Oklahoma.

2. Defendant Rottinghaus Company, Inc. is a foreign, for-profit business corporation conducting regular business in Oklahoma County, State of Oklahoma. Defendant regularly employs more than fifteen (15) people.

3. Plaintiff, a female, filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about May 7, 2014. Plaintiff complained

1



to the EEOC of discrimination based on sex, as well as retaliation for participating in protected activity. Plaintiff received a Notice of Right to Sue from the EEOC on or about September 18, 2015. Therefore, Plaintiff's Petition is timely filed within ninety days (90) of her receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

4. This action lies properly in Oklahoma County, State of Oklahoma, as the unlawful employment practices complained of herein occurred within this county and because Defendant is a corporation conducting regular business in this county.

## OPERATIVE FACTS

5. Plaintiff, who was a minor child at the time of the actions complained of, was employed as a sandwich artist with Defendant in 2013 and 2014. During the course of her employment, Plaintiff's supervisor was Jason Crane.

6. During her employment, Crane routinely subjected Plaintiff to extreme and outrageous conduct, highly offensive and sexual comments, and uninvited, unwanted, and offensive physical contact.

7. Crane regularly made unsolicited, highly offensive comments to Plaintiff and others regarding Plaintiff's body and sexual acts.

8. Plaintiff complained about the sexually offensive behavior on three different occasions to Jolene Dickenson, district manager.

9. Co-workers informed Plaintiff that similar complaints had been previously made to Subway management regarding Crane's inappropriate behavior, and that Crane had been fired from a previous job due to sexual harassment.

10. Defendant failed to investigate and/or ignored the previous complaints regarding Crane's

2

discriminatory tendencies, and failed to discipline Crane in any manner after Plaintiff's complaints.

11. After Plaintiff complained about the discriminatory behavior, her schedule was changed. Plaintiff, a minor female, was forced to work peak hours alone and close the store by herself. Other times she was left alone with Crane.

12. Furthermore, after Plaintiff complained about the discriminatory behavior her hours were reduced to the extent that she was forced to seek alternate employment.

### FIRST CLAIM FOR RELIEF
### SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

13. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

14. By and through, but not limited to, the ongoing sexual harassment described above, Plaintiff's terms and conditions of employment were so adversely affected that it created a hostile work environment.

15. Plaintiff was subjected to the sexual harassment because of her gender, female.

16. As a result of Crane's unwelcome sexual harassment and Subway's inactivity to correct the discriminatory activity, Plaintiff believed her work environment to be hostile.

17. Subway was aware of the sexual harassment because of past complaints from other employees and because of Plaintiff's numerous complaints.

18. Subway's Human Resources Department failed to promptly take appropriate, corrective action to end the sexual harassment and permitted Plaintiff to be subjected to sexual harassment.

19. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

20.  As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

21.  Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages.

22.  Plaintiff has been injured by this sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### RETALIATION/CONSTRUCTIVE DISCHARGE FOR
### ENGAGING IN PROTECTED ACTIVITY IN
### VIOLATION OF TITLE VII

23.  Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

24.  After Plaintiff complained about Crane's discriminatory acts, Defendant engaged in retaliatory conduct by reducing Plaintiff's hours and otherwise subjecting her to unwarranted discipline and treatment, thus altering the terms of her employment because of her complaints.

25. Defendant effectively discharged Plaintiff by reducing her hours to a level that she had no choice but to seek alternate employment.

26. Defendant subjected Plaintiff to adverse employment action because she engaged in protected activity by complaining on numerous occasions to Dickenson and the EEOC.

27. The retaliatory conduct would not have occurred but for Plaintiff's attempts to engage in protected activity.

28. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

29. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

30. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages.

31. Plaintiff has been injured by this retaliatory conduct, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiffs' rights; for an award to Plaintiff for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court

deems just and proper.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

32. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

33. Plaintiff has suffered harm through her employment, and as a direct and proximate result of the Defendant's failure to act based on her sexual harassment complaints and previous complaints from others.

34. Defendant knew or should have known that Defendant's employee had a propensity for sexually harassing employees, as demonstrated by Plaintiff's complaints and from his previous termination and/or discipline for similar behavior.

35. At the time of the sexual harassment, Defendant had reason to believe that its employee, Jason Crane, would create an undue risk of harm to others.

36. Defendant failed to act upon this information to bring about an end to Plaintiff's sexual harassment.

37. As a direct and proximate result of said actions and/or inaction by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

38. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages.

39. Plaintiff has been injured by Defendant's conduct, and is entitled to compensatory and punitive damages and any other damages allowed under Oklahoma state law.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is

in violation of Plaintiffs' rights; for an award to Plaintiffs for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

                                                  Respectfully submitted,

                                                  Smolen Smolen & Roytman, PLLC

                                                  David A. Warta, OBA #20361
                                                  701 S. Cincinnati Ave.
                                                  Tulsa, Oklahoma 74119
                                                  (918) 585-2667- Phone
                                                  (918) 585-2669 - Fax
                                                  *Attorney for Plaintiff*